IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MICHAEL L. HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>Defendant. | CV 16-121-GF-JTJ<br><br>**ORDER** |

## I. SYNOPSIS

Michael L. Harrell (Mr. Harrell) brings this action under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-433. Mr. Harrell filed his application for disability insurance benefits on April 5, 2013, alleging a disability onset date of March 4, 2013. (Doc. 5 at 163).

Mr. Harrell claims that he is disabled due to: "Inflammatory Arthritis, degenerative disc, [and] emphysema." (Doc. 5 at 189).

Mr. Harrell's claim was denied initially (*Id.* at 93-95) and on reconsideration (*Id.* at 97-98). He filed a timely request for a hearing before an Administrative

1

Law Judge (ALJ).  (*Id.* at 119).  An ALJ conducted a hearing on May 12, 2015, at which Mr. Harrell appeared with counsel.  (*Id.* at 32-72).  The ALJ denied Mr. Harrell's application for benefits by decision dated June 26, 2015.  (*Id.* at 17-31).  Mr. Harrell timely requested that the Commissioner review the ALJ's decision on August 27, 2015.  (*Id.* at 14-16).  The Appeals Council for the Commissioner denied Mr. Harrell's request for review on September 28, 2016, making the ALJ's decision the Commissioner's final decision.  (*Id.* at 1-4).

Mr. Harrell timely filed a complaint on December 1, 2016, seeking judicial review of the Commissioner's decision.  (Doc. 1).  The Court has jurisdiction over this action under 42 U.S.C. § 405(g).  The parties consented to the undersigned conducting all further proceedings in this matter.  (Doc. 8).  The Great Falls Division of the District of Montana is the proper venue because Mr. Harrell resides in Cascade County, Montana.  (Doc. 1 at 2); 42 U.S.C. 405(g); Local Rule 1.2(c)(2).

Mr. Harrell filed an opening brief on April 14, 2017, requesting that the Court reverse the Commissioner's decision and remand for an immediate award of benefits or, in the alternative, remand for a further hearing.  (Doc. 10).  The Commissioner filed a response brief on May 15, 2017, requesting that the Court affirm her decision.  (Doc. 12).  Mr. Harrell filed a reply brief on May 30, 2017.

(Doc. 13).  The motion is ripe for decision.

Mr. Harell was born on April 27, 1959.  (Doc. 5 at 163).  He was 56 years old when he filed his application on July 9, 2015, and 57 years old at the time of the ALJ's June 27, 2016 decision.

## II.  STANDARD OF REVIEW

The Court's review is limited.  The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).  Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance."  *Desrosiers v. Sec. of Health and Hum. Services*, 846 F.2d 573, 576 (9th Cir. 1988).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  This Court must uphold the Commissioner's findings "if supported by inferences reasonably drawn from the record."  *Batson v. Comm'r of SSA*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "[I]f evidence exists to support more

than one rational interpretation," the Court "must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193 (citing *Morgan v. Comm'r*, 169 F.3d 595, 599 (9th Cir. 1999)). This Court "may not substitute its judgment for that of the Commissioner." *Widmark*, 454 F.3d at 1070 (quoting *Edlund*, 253 F.3d at 1156). Where evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. *Thomas v. Barhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. *Green v. Sheckler*, 803 F.2d 528, 530 (9th Cir. 1986). The Court may reject the findings not supported by the record, but it may not substitute its findings for those of the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

### III. BURDEN OF PROOF

A claimant is disabled for purposes of the Act if the claimant demonstrates by a preponderance of the evidence that (1) the claimant has a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months"; and (2) the impairment or impairments are of such severity that, considering the claimant's age, education, and work experience, the

claimant is not only unable to perform previous work but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." *Schneider v. Comm'r of SSA*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

The Commissioner's regulations provide a five-step sequential evaluation process for determining whether a claimant is disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five. *Id.* at 954. The five steps of the inquiry are:

1. Is the claimant presently working in a substantially gainful activity? If so, the claimant is not disabled within the meaning of the Social Security Act. If not, proceed to step two. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).

2. Is the claimant's impairment severe? If so, proceed to step three. If not, the claimant is not disabled. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c).

3. Does the impairment "meet or equal" one of a list of specific impairments described in 20 C.F.R. Part 220, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. *See* 20 C.F.R. §§ 404.1520(d), 416.920(d).

4. Is the claimant able to do any work that he or she has done in the past? If so, the claimant is not disabled. If not, proceed to step five. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e).

5. Is the claimant able to do any other work? If so, the claimant is not

5

disabled.  If not, the claimant is disabled.  *See* 20 C.F.R. §§
404.1520(f), 416.920(f).

*Id.* at 954.  The claimant bears the burden of proof at steps one through four,

consistent with the general rule that "[a]t all times, the burden is on the claimant to

establish [his] entitlement to disability insurance benefits."  *Id.* (citing *Tidwell v.*

*Apfel*, 161 F.3d 599, 601 (9th Cir. 1998)).  Once this prima facie case is

established, the burden shifts to the Commissioner at the fifth step to show that the

claimant may perform other gainful activity.  *Id.* (citing *Tacket v. Apfel*, 180 F.3d

1094, 1098 (9th Cir. 1999)).

## IV.  BACKGROUND

### A.  ALJ's determination

At step one, the ALJ determined that Mr. Harrell has not engaged in

substantial gainful activity since March 4, 2013, the alleged onset date of his

disability.  (Doc. 5 at 22).  At step two, the ALJ found that Mr. Harrell has the

following severe impairments: cervical spine degenerative disc disease, status-post

cervical fusion, left shoulder impingement, and emphysema.  (*Id.* at 22).

At step three, the ALJ found that Mr. Harrell did not have an impairment, or

combination of impairments, that met or was medically equal to one of the listed

impairments.  (*Id.* at 23).

Before considering step four, the ALJ assessed Mr. Harrell as having the

Residual Functional Capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except he can frequently balance and climb ramps/stairs; can occasionally stoop, kneel, crouch, crawl and climb ladders; can occasionally reach overhead bilaterally; may alternate between sitting, standing and walking to relieve pain, and these positions changes can be accommodated during normal breaks; and must avoid concentrated exposure to extreme cold, vibration, pulmonary irritants, and hazards such as unprotected heights and wet/slippery surfaces. (*Id.* at 23-24).

At step four, the ALJ determined that with his RFC, Mr. Harrell is capable of performing past relevant work as a military master sergeant. (*Id.* at 24).

At step five, the ALJ made an alternative determination that considering Mr. Harrell's age, education and RFC, Mr. Harrell was capable of performing past relevant work and alternatively using transferable skills from that work and that Mr. Harrell has not been under a disability since March 4, 2013, the claimed onset date of his disability, through the date of the ALJ's decision. (*Id.* at 26).

### B.     Mr. Harrell's Position

Mr. Harrell argues the Court should reverse the Commissioner's decision and remand the case to the Commissioner for the immediate award of benefits or further hearing because:

1.     The ALJ's determination that Mr. Harrell can perform work at the light-duty level is not based upon substantial evidence and is contrary

to law (Doc. 10 at 14);

2.     The ALJ's determination that Mr. Harrell can perform the work of a military master sergeant is not based upon substantial evidence (*Id.* at 21); and

3.     The ALJ's alternative determination that Mr. Harrell can perform "other work" is not based upon substantial evidence.  (*Id.* at 22).

## C.     The Commissioner's Position

The Commissioner argues that the Court should enter summary judgment in her favor because:

1.     The ALJ reasonably discounted Mr. Harrell's credibility (Doc. 12 at 4);

2.     The ALJ reasonably evaluated the medical opinion evidence (*Id*. at 9);

3.     Mr. Harrell failed to meet his burden of proving an inability to return to his past relevant work (*Id*. at 11); and

4.     The ALJ's alternative step five finding was based on a complete and supported RFC assessment and vocational hypothetical question.  (*Id.* at 13).

# V.  ANALYSIS

## A.     Residual Functional Capacity

### 1.     Legal standard

A claimant's RFC is what he "can still do despite his physical, mental, nonexertional, and other limitations."  *Powell v. Chater*, 959 F.Supp. 1238, 1244 (C.D. Cal 1997).  Generally, a claimant's RFC is based on his ability to perform

work in the sedentary, light, medium, heavy, or heavy duty range.

In determining a claimant's RFC, the Commissioner must consider both the medical evidence of record, but also "subjective symptoms" such as "fatigue and pain." *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996). The ALJ is responsible for determining credibility of subjective evidence, and her findings must "be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). Absent evidence of malingering, the Commissioner must provide "clear and convincing" reasons for rejecting a claimant's testimony. *Id.* "General findings are insufficient, rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). As set forth in SSR 96-7p, it is not enough that "reasons" are provided–they must be clearly expressed and convincing in the sense that they are based on the record.

In considering the claimant's credibility, the ALJ may consider such factors as: the claimant's reputation for lying, prior inconsistent statements, an unexplained failure to seek treatment or to follow a prescribed course of treatment, the nature of his or her daily activities, and testimony or statements from physicians regarding the nature, severity, and effect of symptoms complained of.

*See e.g.*, *Smolen*, 80 F.3d at 1284; *Light v. SSA*, 119 F. 3d 789, 792 (9th Cir. 1997).

Due to the limited scope of review, the Court must uphold the ALJ's decision "where the evidence is conflicting or conclusive." *Colletta v. Massanari*, 163 F.Supp.2d 1101, 1105 (N.D. Cal. 2001).

### 2.    Analysis

In her decision denying benefits, the ALJ cited several reasons for rejecting Mr. Harrell's claims. First, in support of her RFC determination, the ALJ stated that the "objective medical evidence" did not support Mr. Harrell's assertions of an inability to perform work activity as of the alleged onset date. (Doc. 5 at 24). The ALJ also found Mr. Harrell's RFC to be "light work" based on the opinions of Dr. William Fernandez and Dr. David Jordan, two non-examining physicians employed by the State Disability Determination Services. (*Id.* at 25).

### a.    Light work

Mr. Harrell argues that the ALJ's determination of his RFC of "light work" is inconsistent with his testimony and goes against the testimony and medical opinions in the record.

In her June 26, 2015 decision, the ALJ found that Mr. Harrell's impairments could reasonably cause the disabling symptoms, but then formed an adverse

credibility determination against him due to inconsistencies in the medical records.

(Doc. 5 at 24). In support of her credibility determination, the ALJ noted that on

March 15, 2013, two weeks after the alleged onset date, Mr. Harrell had a cervical

fusion. (*Id.*) The subsequent notes of Dr. Luckett, the treating physician, indicated

Mr. Harrell was improving rapidly, up to "70% improved" by July of 2013, and

had normal strength in his upper extremities. (*Id.* at 24, 458). Additionally, Mr.

Harrell's March 13, 2014 records indicate he reported no pain and had full upper

extremity strength. (*Id*. at 24, 460). Additionally, Dr. Luckett noted no acute

changes in Mr. Harrell's x-rays and subsequently discharged him with no follow-

up scheduled and no activity restrictions. (*Id*.) The ALJ rationally interpreted this

information as evidence that Mr. Harrell's symptoms had resolved. Records from

December of 2014 also indicated that while Mr. Harrell did state he was in pain, he

was alert and oriented and reported his pain was rated 3 out of 10, which suggested

that "his pain was likely not as debilitating as alleged, and he was capable of work

activity within the confines of the [RFC]." (*Id.* at 25, 413).

Furthermore, the ALJ provided other legally sufficient reasons for her

adverse credibility determination, noting a seven-month gap in treatment. (Doc. 5

at 25). The amount and frequency of treatment is "an important indicator of the

intensity and persistence" of the symptoms. 20 C.F.R. § 404.1529(c)(3). A gap in

treatment, therefore, indicates a lack of severity, intensity, and/or persistence. *See*

*Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). When Mr. Harrell

resumed care with Ms. LaDonna Maxwell, MS, APRN, in October of 2014, he

complained of continued pain and headaches, and stated he could not tilt his head.

(Doc. 5 at 25; *see* Doc. 5 at 409).  However, the record from that visit also

indicates that he worked with his hands and reported that "all radicular pain

resolved after his surgery."  (*Id.*)[1]

Based on the objective medical evidence, as well as the notable gap in

treatment, the Court finds that the ALJ did not err in discounting Mr. Harrell's

testimony because she expressed clear and convincing reasons based on substantial

evidence for doing so.  At most, Mr. Harrell's arguments amount to conflicting

evidence, in which case the Court is required to uphold the ALJ's determination.

### b.      Medical opinion evidence

The ALJ noted also that two physicians from the State Disability

Determination Services, William Fernandez, MD, and David Jordan, MD,

determined that Mr. Harrell had the RFC for a "near full range of light exertional

work," which supported her finding of "not disabled."  (Doc 5 at 25).

---

[1]The actual language from Ms. Maxwell's note states that "most of the radiculopathy pain has resolved."  (Doc. 5 at 409).

Mr. Harrell argues the ALJ erred in determining his RFC solely based on the opinions of two non-examining physicians. (Doc. 10 at 18). Mr. Harrell contends that their opinions are not relevant because they were given in 2013–prior to his neck surgery–and did not account for his "continuing pain and mobility issues post-surgery." (*Id.*) "[A]n ALJ cannot rely on a non-examining physician's RFC when the agency RFC assessments, completed almost a year prior to a hearing, were not based upon the full record in the case." (*Id.* at 19 (citing *Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)).

The facts in *Frankl v. Shalala*, however, are distinct from this case. In *Frankl*, the ALJ erred in relying on dated medical reports indicating that the claimant could walk two to three miles per day in disregarding his own complaints of fatigue. 47 F.3d at 938. The subsequent medical reports indicated that the claimant's condition had deteriorated significantly, and the claimant's two treating physicians each signed affidavits stating that his medical impairment "substantially limits his physical ability to do basic work activities." *Id.* The Eighth Circuit Court held that these subsequent affidavits were not inconsistent with the objective medical evidence and therefore the ALJ erred in disregarding them. *Id.* at 938-39.

In the instant case, there is no such subsequent medical assessment regarding Mr. Harrell's limitations to refute the ALJ's RFC determination. Dr. Fernandez

and Dr. Jordan's opinions were the only medical opinions relating to Mr. Harrell's limitations, and they were not inconsistent with the objective medical evidence. The ALJ acknowledged that as non-treating physicians, the opinions of the State Disability Determination Services physicians should be given less weight than those of a treating physician, but stated that their opinions deserved "some weight, particularly in a case like this in which there exist a number of other reasons to reach similar conclusions." (Doc. 5 at 25). Moreover, as the Commissioner points out, none of Mr. Harrell's treating physicians make a specific functional assessment as to his ability or inability to perform work activity, as did the treating physicians in *Frankl*. (Doc. 12 at 9-10; *see* Doc. 5 at 79 ("There is no indication that there is medical or other opinion evidence")). Nor is there contradictory evidence beyond Mr. Harrell's own testimony that his impairments had worsened. Absent such evidence, Mr. Harrell has not met his burden to show that the ALJ's decision is not a rational interpretation of the evidence.

The ALJ did not commit legal error in determining that Mr. Harrell had the RFC to perform light work, and substantial evidence exists to support this determination. Accordingly, the Commissioner's decision is affirmed to the extent that Mr. Harrell has the RFC to perform light work, as defined by 20 C.F.R. § 404. 1567(b).

### B. Past work

#### 1. Legal Standard

A claimant is only under a disability if his physical or mental impairments are so severe that he cannot do his past relevant work or, "considering his age, education, and work experience," cannot engage in any other substantial gainful work which exists in the national economy, "regardless of . . . whether he would be hired if he applied for work." 42 U.S.C. § 423. This two-part analysis comprises step four and step five of the ALJ's analysis, with step four being the "past relevant work" determination, and step five being the "other substantial gainful work" determination. With respect to step four, the claimant bears the burden to prove that he can no longer perform his past relevant work "either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008). A job qualifies as past relevant work if it was performed within the past fifteen years at a substantial gainful level, and for a long enough time for the claimant to learn how to do the job. 20 C.F.R. § 404.1560(b)(1).

#### 2. Analysis

The ALJ determined that, based on his RFC, Mr. Harrell is capable of performing past relevant work as a military master sergeant. (Doc. 5 at 26). In her

decision, the ALJ noted that Mr. Harrell was enlisted from 1980 to 2006, supervised up to 700 people, and that the position was gainful, full-time work. (*Id.*) Moreover, the ALJ found that the work was "sedentary in nature, with lifting less than 10 pounds, sitting 5 hours per day, and walking/standing at three hours per day," and the vocational expert noted the work was skilled at SVP 8 and "required skills such as: maintaining policies, planning and preparing schedules, coordinating activities, records maintenance, and inventory/order keeping." (*Id.*; see *id*. at 253).

Mr. Harrell argues that the ALJ erred in determining that he could perform past relevant work as a master sergeant, both based on his RFC and "practical considerations." (Doc. 10 at 21). Besides again asserting that the ALJ's RFC assessment was incorrect, Mr. Harrell argues that he could not obtain work as a master sergeant, stating that he retired from the military in 2006 and he would be unable to re-enlist both because of his age and the fact that he subsequently suffered a cervical injury. (*Id.*) Mr. Harrell urges the Court to apply a different standard to the military than it does to "standard, civilian employment." (Doc. 13 at 10). As a "practical consideration," Mr. Harrell retired from the military in 2006, and it is obvious to the Court that a civilian may not apply for a military position as a master sergeant. As the vocational expert testified, "[c]ertainly, the

military position would [fall within the hypothetical]; although, the military positions don't exist outside of the military." (Doc. 5 at 67).

Whether or not an individual can actually obtain past relevant work, however, is irrelevant for the purposes of determining whether a person has the mental and physical ability to perform said work. "Generally, a claimant who is physically and mentally capable of performing past relevant work is not disabled, whether or not he could actually obtain employment." *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). Whether or not the job actually exists is a question for step five, not step four. *See Barnhart v. Thomas*, 540 U.S. 20, 25 (2003) ("step four can result in a determination of no disability without inquiry into whether the claimant's previous work exists in the national economy; the regulations explicitly reserve inquiry into the national economy at step five"). The Supreme Court in *Barnhart* affirmed that the reason is one of efficiency: "an analysis of a claimant's physical and mental capacity to do his previous work would in the vast majority of cases serve as an effective and efficient administrative proxy for the claimant's ability to do some work that does exist in the national economy." *Id.* at 28 (internal quotations omitted).

According to the Program Operations Manual System, Part 4, § 25005.001 (effective date Nov. 6, 2015), the adjudicator "must limit [his or her] analysis at

17

this step to a function-by function comparison to the claimant's RFC with the demands of [the past relevant work]" and must not consider, among other things, "whether [the past relevant work] was in the military and the claimant is no longer in the military[.]" While it is obvious to the Court that Mr. Harrell could not obtain his past relevant work as a master sergeant, that is irrelevant to the past relevant work analysis at step four, which only inquires as to Mr. Harrell's physical and mental ability to perform his past relevant work.

Therefore, the ALJ did not commit legal error in determining that Mr. Harrell had the physical and mental capability to perform his past relevant work, and such determination is supported by substantial evidence.

## C.    Other work

### 1.    Legal Standard

At step five, the ALJ is required to determine whether the claimant can perform other work that exists in significant numbers in the national economy, considering the claimant's age, education, RFC, and whether the claimant possesses any transferable skills from his past relevant work. At age 55, a person is considered at the point "where age significantly affects [his] ability to do substantial gainful work." *Terry v. Sullivan*, 903 F. 2d 1273, 1275 (9th Cir. 1990) (citing 20 C.F.R. § 404.1563(e)). "[I]n cases involving advanced age individuals,

the ALJ must make a specific finding as to the amount of vocational adjustment required." *Coletta v. Massanari*, 163 F. Supp. 2d 1101, 1105 (N.D. Cal. 2001) (citing *Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir. 1986)). "[T]he ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration appellant's age." *Id*.

A step five analysis is "unnecessary" when a determination of not disabled is made at step four. *Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1995). Furthermore, courts in the Ninth Circuit must review Social Security cases under the framework of harmless error, which requires the court to "look at the record as a whole to determine [if] the error alters the outcome of the case." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

### 2. Analysis

While the ALJ stated that Mr. Harrell could perform past relevant work, and therefore did not need to continue to step five, in the alternative, the ALJ held that Mr. Harrell had transferrable skills (SVP 8) from his past work that would transfer to other semi-skilled, light or sedentary level work, including a parts order clerk, procurement clerk, and expediter. (Doc. 5 at 26). The ALJ determined that Mr. Harrell was "capable of . . . using transferable skills from that [past relevant] work,

considering his age, education, and residual functional capacity," and was therefore "not disabled." (*Id.*)

Mr. Harrell argues that the ALJ's determination is premised on a faulty RFC and therefore is not based on substantial evidence in the record. (Doc. 10 at 22). Mr. Harrell also argues that the ALJ "failed to acknowledge his age (56) and the impact this might have on [his] ability to transition to other employment despite his physical impairments." (*Id.*)

An ALJ is required to make a specific finding with regard to an advanced aged claimant's vocational adjustment. In *Renner v. Heckler*, the ALJ found that the claimant, who was of advanced age, could not perform past relevant work, but did have transferable skills enabling him to perform sedentary work. *Renner*, 786 F.2d at 1423. The Ninth Circuit remanded, stating that "the record is silent as to the amount of 'vocational adjustment' required for Renner to transfer into [new positions] . . . [and the] vocational expert failed to demonstrate that Renner would be able to perform these jobs with very little, if any, vocational adjustment." *Id.* at 1424; *see Colletta*, 163 F.Supp.2d at 1105.

Notably, in the ALJ's decision, there is no mention of the amount of vocational adjustment required in Mr. Harrell's case. There is also no indication that a more stringent test was used by the ALJ in determining his ability to perform

other work, as per *Renner*. "Although [the claimant's] age was noted in the ALJ's decision, merely stating 'the existence of a fact does not mean it was considered.' " *Colletta*, 163 F.Supp.2d at 1105 (quoting *Janeway v. Sec. of Health & Human Servs.*, 702 F.Supp. 795, 802 (C.D.Cal.1988)). To Mr. Harrell's point, the vocational expert testified that there would be a "moderate degree" of transferability, requiring a change of setting and some new learning. (Doc. 5 at 69).

The Commissioner's arguments to distinguish *Colletta* from the instant case are unpersuasive. There is no requirement that an advanced age claimant have "limited work experience" (see 20 C.F.R. § 404.1563(e)), and the ruling in *Colletta* is not limited to skilled sedentary work alone. *See Renner*, 786 F.2d at 1423 ("Where a claimant is of advanced age . . . the regulations further require that for skills to be transferable to <u>other jobs</u>, there must be very little, if any, vocational adjustment required[.]")(emphasis added); *Munson v. Bowen*, 844 F.2d 792 (9th Cir. 1988) (unpublished) ("The ALJ found that Munson had acquired skills in his past work which were transferable to the requirements of other skilled or semi-skilled sedentary positions existing in significant numbers in the national economy")). Further, the Commissioner suggests that because Mr. Harrell's past relevant work has an SVP of 8, there was an adequate finding of transferability of

skills.  (Doc. 12 at 15-16).  However, merely identifying a high potential for transferring skills (SVP 8) does not amount to a specific finding as to the amount of vocational adjustment required, as required by the Ninth Circuit.  *See Renner*, 786 F.2d at 1424.  As such, the Court finds that the ALJ's decision is based on legal error.

Accordingly, the ALJ committed legal error in failing to make a specific finding as to whether the three other jobs he could perform would require very little, if any, vocational adjustment for Mr. Harrell, or indicating that a more stringent test was being used in determining his ability to perform other work on account of his advanced age.  However, since the ALJ properly determined at step four that Mr. Harrell could perform past relevant work and was therefore not disabled, such error at step five is harmless as it would not alter the outcome of the case.

## VII.  CONCLUSION

The ALJ's determination that Mr. Harrell has the RFC to perform light work is based on substantial evidence and free of legal error, as is the ALJ's step four determination that Mr. Harrell could perform past relevant work, whether or not he could actually obtain said past relevant work.  The ALJ committed harmless error in determining that Mr. Harrell has transferable skills relevant to other work

existing in the national economy because she did not make specific findings as to the amount of vocational adjustment the other work would require on account of his advanced age.

Therefore, the undersigned issues the following:

**ORDER**

1.    Mr. Harrell's Motion for Summary Judgment is DENIED.

2.    The Commissioner's Motion for Summary Judgment is GRANTED.

DATED this 4th day of December, 2017.


John Johnston
United States Magistrate Judge